# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CARLOS JOSE FRANCISCO  )
AREVALO CASTILLO,       )
                        )
            Petitioner, )
                        )
-vs-                    )        NO.  CIV-26-0162-HE
                        )
FRED FIGUEROA, et al.,  )
                        )
            Respondents.)

## ORDER

Petitioner Carlos Jose Francisco Arevalo Castillo, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement (ICE).  He seeks immediate release or a bond hearing.  On April 20, 2026, United States Magistrate Judge Amanda L. Maxfield issued a Report and Recommendation [Doc. #13], recommending the court deny the petition.  Specifically, the magistrate judge recommends the denial of petitioner's challenge of the termination of his parole under the CHNV[1] parole program as moot, the court has jurisdiction to consider petitioner's challenge of his mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and petitioner is subject to mandatory detention under § 1225(b)(2)(A) in light of his humanitarian parole having terminated and his status having reverted back to an "arriving alien" seeking admission at the border.  Petitioner has

---

[1] *Cuba, Haiti, Nicaragua, Venezuela.*

objected to the recommended ruling, triggering the court's *de novo* review of those matters specifically objected to by petitioner.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3).

The court concurs with the recommended ruling that petitioner challenge of the termination of his parole under the CHNV parole program is moot.  The court concludes the objection to that analysis is without merit.

The court respectfully disagrees with the recommended ruling that petitioner is subject to mandatory detention under § 1225(b)(2)(A) in light of his humanitarian parole having been terminated and his status having reverted back to an "arriving alien" seeking admission at the border.  This court has previously determined that "'[n]oncitizens who remain in the United States after their [humanitarian] parole ended are not "arriving aliens."'"  Kudusov v. Grant, No. CIV-26-132-HE, Order entered March 11, 2026 [Doc. #13] (quoting Quintero v. Olson, Civil Action No. 4:26-cv-34-DJH, 2026 WL 596643, at *3 (W.D. Ky. March 3, 2026) (citing cases)).  Another district judge in this district has concluded the same.  *See* Kumar v. Johnson, Case No. CIV-26-352-J, 2026 WL 937560, *2 (W.D. Okla. April 7, 2026). [2]  Further, the noncitizens are not "seeking admission" for purposes of § 1225(b)(2)(A), despite a pending asylum application.  *Id*.; *see also* Hernan

---

[2] *The court acknowledges district courts outside this district but in the Tenth Circuit have differed on the issue.  Compare* Rafibaev v. Noem, *No. 26-CV-00461-PAB, 2026 WL 607559, at **4-5 (D. Colo. Mar. 4, 2026) (concluding petitioner was subject to detention under § 1226(a) after parole expired) with* Fuenmayor v. Mullin, ___ *F. Supp. 3d ___, 2026 WL 963297, at *2 (D.N.M. April 9, 2026) (concluding petitioner was subject to mandatory detention under § 1225(b)(2) after termination of parole).*

Jose M.M. v. Easterwood, Case No. 26-cv-481 (LMP/DTS), 2026 WL 559746, at **7-9 (D. Minn. Feb. 27, 2026).[3]

The court concludes that 8 U.S.C. § 1226(a) governs petitioner's detention, and thus, he is entitled to an individualized bond hearing. The court will therefore grant the habeas corpus petition to the extent it seeks a bond hearing[4] and order respondents to provide petitioner with a bond hearing pursuant to § 1226(a) within seven (7) business days or otherwise release him if no hearing is held within that time.

Accordingly, the Report and Recommendation is **ADOPTED in part** and **DECLINED in part**. The petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED as MOOT** to the extent it challenges the termination of petitioner's parole under the CHNV parole program and **GRANTED** as to the extent it seeks a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

---

[3] *The Executive Office for Immigration Review's data providing Automated Case Information, of which the court takes judicial notice, indicates that on May 20, 2026, the immigration judge ordered petitioner's removal. That decision was appealed on June 1, 2026 and is currently pending. See A 233-681-460, https://acis.eoir.justice.gov/en/caseInformation (Last visited July 1, 2026). Once a decision to remove an alien becomes "administratively final," it triggers, per 8 U.S.C. § 1231, a removal period during which the alien must be detained. See* Johnson v. Guzman Chavez, *594 U.S. 523, 528 (2021). The removal order involved here is not yet final.*

[4]*In light of the court's ruling, the court need not address other claims addressed by petitioner in his objection.*

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this  7th day of June, 2026.

                                                  _____

JOE HEATON
UNITED STATES DISTRICT JUDGE

4